## SALES v. THE WESTERN STAGE COMPANY.

It is the duty of stage proprietors, who run a line of coaches for the convey-
ance of passengers, to prepare good coaches, harness and horses, and good,
skillful and careful drivers; and should they fail to do so, and their passen-
gers are injured by such failure, they are responsible.

Carriers of passengers for hire, are not only to furnish good coaches, harness
and horses, and skillful and careful drivers, but they are to keep them in
good repair, and to see that their drivers drive with the *utmost* skill and
prudence.

They are bound to exert the *utmost* skill and prudence, in conveying their
passengers, and are responsible for the *slightest* negligence or want of skill,
either in themselves or their servants.

They are bound to use such care and diligence, as a most careful and vigilant
man would observe, in the exercise of the *utmost* prudence and foresight.

### *Appeal from the Van Buren District Court.*

THIS action was brought to recover damages for an in-
jury sustained by plaintiff, by the upsetting of a stage
coach in which he was a passenger, and of which the de-
fendants were the proprietors.   On the trial, certain in-
structions were given, (for which see the opinion of the
court,) to which defendants excepted, and the verdict and
judgment being against them, they now appeal.

*Clinton & Fisher*, and *Knapp, Caldwell & Wright*, for the
appellants.

*C. Negus*, for the appellee.

WRIGHT, C. J.—Various exceptions were taken to the
decisions and proceedings of the court below, but appellants
now expressly waive all other error, and seek to reverse
this case, upon the single ground that the rule given to the
jury, as to the care, skill and diligence required of them, as
carriers of passengers for hire, was incorrect, and not war-
ranted by the authorities.   The instructions objected to, are

as follows : " It is the duty of stage proprietors who run a line of coaches for the conveyance of passengers, to prepare good coaches, harness and horses, and good, skillful and careful drivers; and should they fail to do so, and their passengers are injured by such failure, the proprietors are responsible. They are not only to furnish good coaches, harness, horses, and skillful and careful drivers, but they are to keep them in good repair, and are to see that their drivers drive with the *utmost* skill and prudence. Carriers of passengers for hire are bound to exert the *utmost* skill and prudence in conveying their passengers, and are responsible for the slightest negligence or want of skill either in themselves or their servants. They are bound to use such care and diligence as a most careful and vigilant man would observe, in the exercise of the *utmost* prudence and foresight."

It is objected, that by the use of the words " *utmost* " and " *slightest*," too high a degree of diligence and care is required of this class of carriers. A brief examination of the authorities, however, will show most conclusively, that the rule laid down, is well sustained by the earlier as well as later cases. We need do nothing more than refer to a few of them. What is said, as to the duty of such carriers, to furnish good coaches, harness and horses, and of their being required to keep them in repair, and of their further duty to furnish good and skillful drivers, is taken, almost word for word, from the case of *McKinney* v. *Niel*, 1 McLean, 550, in which this language will be found : " He (the stage proprietor) is bound to provide good coaches, and harness, gentle and well broke horses, and a skillful and careful driver. These are obligations which the law imposes on every stage proprietor ; and if any injury is received by a passenger from any defect in this preparation, the proprietor is responsible." To the same effect are the following, among other authorities : Story on Bailments, §§ 592, 593 ; *Crofts* v. *Waterhouse*, 3 Bing. 314; Angell on Carriers, §§ 534, 535, 540 ; *Peck* v. *Niel*, 3 McLean, 22 ; *Stokes* v. *Salstonstall*, 13 Pet. 181 ; 2 Kent, 601 ; 2 Greenl. Ev. § 221; *Ingalls* v. *Bills*, 9 Met. 1. Again, while the common carrier of goods and

chattels, is held liable for all damages which do not fall within the excepted cases of the act of God and the public enemy, the carrier of passengers is not held responsible to the same extent, so far at least as relates to the persons of his passengers, but he is bound to the *utmost* care and diligence of very cautious persons, and is responsible for any, even the *slightest* neglect.    Story on Bailments, § 601; *Christie* v. *Griggs*, 2 Camp. 79; Angell on Carriers, 568, 570; 13 Peters, 181; *Boyce* v. *Anderson*, 2 Pet. 155.    A few extracts from these authorities, will suffice to show how uniform and well settled the rule is upon this subject.

In reference to the duty of such carriers in respect to the character and competency of their servants, there is an entire correspondence between the English and American authorities, and this duty is thus laid down in 3 McLean, 22 : " He that establishes a line for the conveyance of passengers, and who holds out inducements to persons to travel in his vehicles, for which compensation is charged, is bound to have skillful and prudent drivers, and the *utmost* skill and prudence of the driver must be exercised to avoid accidents."    And see 3 Bing. 321; *Farwell* v. *B. & W. Railroad Co.*, 4 Met. 49; *Carpue* v. *London & B. Railway Co.*, 5 A. & E.. 747.    So in Angell on Carriers, § 568, it is said, that the nature of their undertaking is to carry safely and securely, and though they do not impliedly warrant the safety of passengers at all events, yet they are bound to the *utmost* care and skill in the performance of their duty.    The term here used expresses the idea of something beyond *ordinary* care.    The degree of their responsibility, therefore, is not *ordinary* care, which will make them liable for only *ordinary* neglect, but *extraordinary* care, which renders them liable for *slight* neglect.

So BARBOUR, J., in *Stokes'* v. *Salstonstall*, 13 Pet. 181, says, the stage proprietor must have a driver of competent skill, of good habits, and in every respect qualified, and suitably prepared for the business in which he is engaged. Such driver must act with reasonable skill, and with the *utmost* prudence and caution ; and if an injury is occasioned

by the *least* negligence, or want of skill or prudence, on his part, the proprietor is liable. While such carriers do not warrant the safety of their passengers at all events, yet their undertaking and liability go to the extent that they and their agents possess competent skill, and that as far as human foresight can go, such passengers shall be transported safely. And in *Astor* v. *Heaver*, 2 Esp. Rep. 533, it is said that the carrier is not liable where there has been *no* negligence or default in the driver, but he is answerable for the *smallest* negligence of such driver. In Story on Bailments, § 601, the inquiry is made whether such carriers are bound to *ordinary* care and diligence, and liable for only ordinary neglect, or are they bound to *extraordinary* care, and liable for slight neglect. The answer is given in these words : "Passenger carriers bind themselves to carry safely those whom they take into their coaches, as far as human care and foresight will go, that is—for the *utmost* care and diligence of very cautious persons, and of course they are responsible for any, even the *slightest* negligence." And so in *McKinney* v. *Niel*, 1 McLean, 540, "the driver must not only be skillful, but he is bound to exercise the *utmost* degree of care. The *least* degree of imprudence, or want of care on his part, fixes the liability of his employers." And see *Camden & Amboy Railroad Co.* v. *Burke*, 13 Wend. 626. And finally, in 9 Metcalf, 1, it is said : "That carriers of passengers for hire, are bound to use the *utmost* care and diligence in the providing of safe, sufficient and suitable coaches, harness, horses and coachmen, in order to prevent those injuries which human foresight can guard against; and that if an accident happens from a defect in the coach which might have been discovered and remedied upon the most careful and thorough examination of the coach, such accident must be ascribed to negligence, for which the owner is liable, in case of injury to a passenger happening by reason of such accident." And see the following cases to the same effect : *Ware* v. *Gay*, 11 Pickering, 106; *Ross* v. *Hill*, 2 Man. Granger & S. 877 ; *Laing* v. *Colden*, 8 Barr. 479 ; *Hall* v. *Conn. Steamboat Co.*, 13 Conn. 319.

We see nothing in the instructions given in this case, but what is fully warranted from the foregoing authorities, and we have found none holding a less stringent rule.

Judgment affirmed.