# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1891.

CHICAGO CITY RAILWAY COMPANY

v.

MARTIN MOGK, JR., BY NEXT FRIEND.

*Master and Servant—Responsibility of Master for Acts of Servant—
Street Railways.*

To render a master responsible for the act of his servant, the act must
have been committed *bona fide* by his servant as such and in the line of
his employment.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon.
R. W. CLIFFORD, Judge, presiding.

Messrs. W. J. HYNES, C. M. HARDY and H. H. MARTIN,
for appellant.

Messrs. W. E. HUGHES and GEORGE F. SUGG, for appellee.

GARY, J. This is action on the case by the appellee
against the appellant for negligence. He was six years old
at the time of the injury. To do full justice to his counsel
this statement of facts is taken from the brief of appellee:

"The plaintiff, appellee here, ran along in the street between the two tracks and on the north side of the car. He must have run faster than the car was traveling, for before it had gone a distance of two hundred feet, he was opposite and near to the forward or eastern platform, on which the driver was sitting or standing. As the boy approached the forward steps and platform of the north side of the car he raised his hand in the air and shook it playfully toward the driver, or at the driver, if you please. The driver struck at the boy with the lines with which he was driving the team attached to the car, and the lines either wound or partly wound around his arm, or else the force of the contact between the lines and the boy's arm was sufficient to cause him to stagger and fall close to the car. His leg projected over the rail and the rear wheels of the car passed over the leg, crushing it so that amputation had to be performed at the knee, and the proof shows further that the result of the injury and amputation has been such that another amputation will necessarily have to be performed. This act of the driver in striking or slapping with the lines was found by the jury under an instruction not to have been done by the driver because he had any personal ill-feeling against the child. Hence the jury must have found from the evidence that it was done carelessly but not maliciously with intent to hurt the boy."

Their argument is an amplification of the idea embraced in the following extract from their brief:

"Does the common law of Illinois hold that a servant doing the master's work at one instant may be guilty of an act of omission or commission which will render the master liable, and hold also at the very instant, without changing his occupation or his position or anything else pertaining to him, except the simple raising of his hand, he may inflict a deadly injury upon a third person for which the master is not liable?" We think it does so hold. The proximity of the appellee to the car, at the time of the injury, misleads the judgment in forming an opinion on the question. Remove the boy a dozen yards; change the lines to fruit

tossed to him by the driver, the act prompted by affection, or by playful affected resentment for some gesture or language of the boy, and the answer would be easy and ready. Arasmith v. Temple, 11 Ill. App. 39, cited by appellee, holds, with such a collection of authorities by Judge Pleasants as makes it unnecessary for us to go beyond them, that "a master is liable for trespass committed by his servant, *bona fide* as such, and in the line of his employment;" "but all these three conditions are necessary to make him liable." But one of these conditions is present here; that is that the driver was the servant of the appellant.

The motion for a new trial should have been sustained. The judgment is reversed and the cause remanded.