# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

## FOURTH DISTRICT—AUGUST TERM, 1894.

## Benner Livery and Undertaking Company v. Lizzie Busson.

1. CARRIERS OF PASSENGERS—*Carelessness of Employes.*—The fact that the driver of a team of horses, hitched to a carriage in which persons were riding, stopped near a mill, from which the noise of escaping steam or of a steam whistle might frighten the horses, and failed to retain possession of the lines or to adopt any means to control them or prevent them from running away while he was engaged in closing the windows in the carriage, furnishes reasonable grounds to justify a jury in finding that he was careless and incompetent and of culpable negligence.

2. SAME—*Liverymen—Safe Drivers.*—It is the duty of a liveryman, as a carrier of passengers, to furnish drivers for his vehicles, competent, skillful and careful, and to use that care, vigilance and foresight under the circumstances and in view of the service undertaken and the mode of conveyance adopted, as will reasonably guard against and prevent accidents and consequent injuries to passengers, and slight neglect or want of care in this regard creates a liability to respond in damages for injuries thereby occasioned.

3. SAME—*Gratuitous Passengers.*—The fact that a person is a gratuitous passenger, if received and accepted by the driver of a carriage as the proprietor's agent, to be carried as a passenger, does not relieve such proprietor of his duty as a carrier of passengers nor defeat the right of the passenger to maintain an action for negligence.

4. NEGLIGENCE—*Jumping from a Carriage.*—The question as to whether a passenger in a carriage is guilty of contributory negligence in jumping therefrom, is one for the determination of a jury from the circumstances surrounding the act.

5. SAME—*In Case of Sudden Danger.*—In cases of sudden and impending danger resulting from the negligence of another. the law does not require a delay in the efforts to escape until the exact nature and measure of the danger is ascertained.

**Action for Personal Injuries.**—Appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Submitted at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

## STATEMENT OF THE CASE.

The first count of the amended declaration charges, in substance, that defendant furnished a very old, unskillful and negligent driver and horseman, to drive and take charge of the team attached to the carriage of defendant, in which plaintiff was riding as a passenger, and by reason of the unskillfulness, carelessness and negligence of said servant of defendant, the horses were permitted and caused to run away with the carriage, and plaintiff, while endeavoring to save herself from great injury and probable death, jumped from said carriage and was injured. In the second count, the negligence charged is, that said horses were not safe and gentle, but were wild and unsafe for driving, and by reason thereof took fright and ran away with said carriage, and thereby the injury resulted as averred in the first count. The jury found defendant guilty, and assessed plaintiff's damages at $500, and judgment for that sum and costs was entered. Appellant contends the evidence failed to establish the negligence charged in either count of the declaration. That appellee was a gratuitous passenger, carried without compensation, and without the knowledge of defendant, and was guilty of such contributory negligence as would of itself bar her recovery. And that the errors of the court's rulings on instructions are cause for reversal.

The team, carriage and driver were hired of defendant by Bertsch to take his sick wife from East St. Louis to St. Louis, to consult a doctor, and this purpose was disclosed to defendant. Plaintiff was acquainted with and had em-

ployed this doctor, and was a next door neighbor of Mrs. Bertsch. For these reasons, and because she desired to have a lady with her, Mrs. Bertsch invited plaintiff to accompany her, which she did. The vehicle in which they and Bertsch were carried, was a close carriage with a door on each side and a window in each door. Shortly after starting, Mrs. Bertsch asked the driver to close a window. He stopped the team close to a steam planing mill, got down from his seat, without the lines, or any means to control the horses, closed the window in one door, went around to the other, and while attempting to close the window in it, the steam whistle in the planing mill was blown, the horses became frightened and started off at a rapid gait and plaintiff, alarmed at the sudden and impending danger of injury if she remained in the carriage, and to avoid it, as she believed, at once jumped out and received the injuries complained of. Appellee and Mrs. Bertsch agree as to the running away and gait, and speed, of the uncontrolled horses, but Bertsch testified they trotted off, not going very fast. It appears, however, they were going fast enough to frighten both appellee and Mrs. Bertsch, and the testimony of the latter that she couldn't jump out, that she was lame, justifies the inference that she, too, would have jumped out if she could, as being apparently less dangerous than remaining in the carriage, attached to a runaway team. Evidence was introduced by appellant showing that the driver was regarded as careful and competent and had many years' experience as a driver, and the team was gentle.

APPELLANT'S BRIEF, COCKRELL & MOYERS, ATTORNEYS.

Passenger carriers, not being insurers, are not responsible for accidents, where all reasonable skill and diligence have been employed. Story on Bailments (9th Ed.), Sec. 602.

A carrier of passengers is not responsible for accident or misfortune, any more than for the act of God, or the public enemy. Sawyer v. Hannibal & St. Joe R. R. Co., 37 Mo. 240.

A servant of the company riding to his work, voluntarily

and without payment of fare, is not a passenger. Moss v. Johnson, 22 Ill. 633.

The company is not liable where the ticket or pass was issued to another person and is non-transferable, the passenger passing himself off as the person named in the pass. T. W. & W. Ry. Co. v. Beggs, 85 Ill. 80; T. W. & W. Ry. Co. v. Brooks, 81 Ill. 292; T. W. & W. Ry. Co. v. Brooks, 81 Ill. 245; C. & A. R. R. Co. v. Michie, Admr., 83 Ill. 427; Boyce v. Anderson, 2 Pet. (U. S.) 149.

APPELLEE'S BRIEF, A. FLANNIGEN AND M. MILLARD, ATTORNEYS.

A person may leap out of a stage coach or hack to extricate himself from peril, if he does so without such " rashness as the circumstances would not reasonably excuse," and the proprietor is liable if his negligence was the proximate cause of the danger, real or apparent. Frink et al. v. Patten, 17 Ill. 406.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

We are of the opinion that the evidence establishes appellant's negligence, as averred in said first count, and the resulting injury to appellee as charged. Notwithstanding there was evidence tending to show the driver was careful and competent, yet the uncontradicted facts proven, that the driver stopped the team near a mill, from which the noise of escaping steam or of a steam whistle might frighten the horses, and failed to retain possession of the lines or adopt any means to control them or prevent them from running off while he was engaged in closing the windows, furnish reasonable grounds justifying the jury in finding that the driver was careless and incompetent, and guilty of culpable negligence. It was the duty of appellant, as a carrier of passengers, to furnish a driver competent, skillful and careful; Tuller v. Talbot, 23 Ill. 357; 2d Wait's Act. & Defen., pp. 63, 64, 65, 68, 69; and to use that care, vigilance and foresight under the circumstances, and in view of the service undertaken, and the mode of conveyance adopted, as

would reasonably guard against and prevent accidents and consequent injury to passengers, and slight neglect or want of care in this regard, creates liability to respond in damages for the injuries thereby occasioned. Same authorities above cited and Frink v. Potter, 17 Ill. 410.

The second contention, that appellee was a gratuitous passenger and had no right of action, is untenable. She was received and accepted by the driver, defendant's agent, to be carried as a passenger, and defendant was paid. The fact that she paid nothing does not defeat her right of action. 2 Wait's Ac. & Defen., 64 and 65. The alleged contributory negligence of defendant in jumping out of the carriage was a question for the jury to settle, and we do not feel at liberty, in view of the circumstances, to set aside their verdict upon the ground she was guilty of such contributory negligence as barred her right to recover. An instinctive effort to escape sudden impending danger, resulting from the negligence of another, does not relieve the latter from liability. The law does not require a delay in the efforts to escape until the exact nature and measure of the danger is ascertained. 2 Wait's Act. & Defen., 75. Frink v. Potter, *supra*. Some of the instructions for the plaintiff were not strictly accurate, but all the instructions given, taken as a series, informed the jury correctly as to the law except that one given for defendant required plaintiff to prove every allegation of the declaration in order to recover. The court did not err in refusing to give the refused instructions or in modifying those modified. The judgment is affirmed.