# Orr & Lanning *v.* Boockholdt.

*Damage for Personal Injury.*

(Decided December 16, 1913. Rehearing denied May 14, 1914. 65 South. 430.)

1. *Carriers; Common Carriers; Private Carriers.*—The distinction between common carriers of passengers and a private carrier is that the common carrier must receive all who apply for passage so long as there is room, and there is no legal excuse for refusing, while such a duty does not rest upon the private carrier.

2. *Same; Passengers; Care Required.*—Both common and private carriers of passengers must use proper care, commensurate with the danger of the particular mode of conveyance used, and both are liable for the negligence of servants where there is no limitation in the contract of carriage, or by implication from the situation of the parties.

3. *Same; Complaint.*—A complaint for injuries against a private carrier may count on a breach of the general duty to use proper care to carry safely without specifying the particular act of diligence omitted, and proof that the vehicle in which the passenger was riding was upset, causing injuries to a passenger imposes the burden on the carrier to prove that the accident was not due to any negligence on his part, or that of his servants.

4. *Same.*—Complaint in an action against a private carrier alleging that the carrier did not furnish a skillful driver but furnished a negligent one as a result of whose negligence the injury occurred sufficiently shows the causal connection between the injuries and the negligence of the carrier.

6. *Same.*—Where the husband of a dead wife contracted with defendant for carriages and drivers to carry those in attendance at the funeral of the wife to the cemetery, persons who occupied the carriages for that purpose at the express or implied invitation of the husband were passengers, and defendant owed them the duty of using reasonable care in the selection and furnishing of skillful and careful drivers.

7. *Same; Evidence.*—The evidence examined in this case, and held not to show negligence on the part of the carrier in the selection of the driver.

8. *Pleading; Issue; Proof and Variance.*—In order to support a recovery the proof must correspond to the allegation of the complaint.

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER.

Action by Mrs. Lillie Boockholdt against Orr & Lanning. From a judgment for plaintiff, defendants appeal. Reversed, and cause remanded.

The third count was as follows:

Plaintiff claims of defendant the sum of $500 as damages, for that, to wit, heretofore, on, to wit, the 17th day of October, 1911, plaintiff was riding along a public highway below Powderly, in Jefferson county, Alabama, going to the funeral of, to wit, one Mrs. Fries. Plaintiff avers that Mr. Fries, husband of deceased, contracted through his agent, Gaudin Undertaking Company with defendants to furnish for a reward suitable horses, carriages, and drivers for the purpose of carrying the relatives and friends of deceased from Birmingham to a cemetery below Powderly, in Jefferson county, Alabama, to attend the funeral of deceased; that plaintiff, who was a friend of a daughter of deceased, was invited to take passage in one of said carriages to attend said funeral, and that plaintiff did so, and was in the carriage upon the invitation of a daughter of deceased, who desired the presence of plaintiff at the funeral. Plaintiff avers that it became the duty of defendants to exercise reasonable care to furnish a skillful and careful driver for said carriage, but plaintiff avers that defendant breached said duty and furnished an unskillful and negligent driver to drive and take charge of the team attached to the said carriage in which plaintiff was riding; and plaintiff avers that by reason of the negligence and carelessness of said servant of defendant, while acting within the line and scope of his authority, the horses attached to the said carriage were negligently permit-

ted to run away with said carriage by said driver, as a proximate consequence of which plaintiff received the injuries [a catalogue of which follows].

GASTON & PETTUS, for appellant. The court was in error in overruling the demurrer to the third count.— 26 Cyc. 1513; 19 A. & E. Enc. of Law, p. 434; *T. C. I. & R. R. Co. v. Smith,* 171 Ala. 255. The plaintiff stood upon no higher ground than that of mere trespasser or licensee.—*L. & N. v. Sides,* 129 Ala. 399; 29 Cyc. 449. Where there is no duty there can be no negligence.— *So. Ry. Co. v. Williams,* 143 Ala. 212; *Bridgeport W. Co. v. Goodwin,* 132 Ala. 533. Counsel discuss assignments of error relative to the rulings on the pleadings, but without citation of authority. Counsel discuss the evidence, but without citation of authority. Defendant had a right to move to exclude all the evidence at the conclusion of plaintiff's testimony.—*Tucker v. A. B. & A.,* 166 Ala. 564; *Haynesworth v. State,* 136 Ala. 13. Counsel insists that the motion should have been granted.—38 Mich. 714; 92 Pa. St. 431; *L. & N. v. Johnson,* 79 Ala. 431; *First Nat. Bank v. Chandler,* 144 Ala. 308. The court erred in refusing to give charge C.—*Conrad v. Gray,* 109 Ala. 130; *First Nat. Bank v. Chandler, supra.*

W. T. STEWART, and W. K. TERRY, for appellee. Counsel discuss errors assigned, but without citation of authority.

THOMAS, J.—The case of the plaintiff (appellee here) is fully stated in count 3 of the complaint, which the Reporter will set out. Demurrers to this count were overruled, the action of the court in doing which is made the basis of the first assignment of error.

One criticism urged against the count is that it fails to show or allege that the defendants were common carriers; but we think this immaterial. The distinction between a public or common carrier of passengers and a special or private carrier of the same is that it is the duty of the former to receive all who apply for passage, so long as there is room and no legal excuse for refusing, while such duty does not rest upon the latter. —5 Am. & Eng. Ency. Law, 480, 481; Angell on Carriers, § 524. This difference is not material here, since the action is not predicated on a refusal to carry, but the negligence of defendants after they had contracted for a reward to carry.

The law, in the absence of some limitation found in the contract or arising by implication from the situation of the parties, imposed upon them, whether they were private or public carriers, the duty of using due and proper care, commensurate with the dangers of the particular mode of conveyance used to effect the safe carriage of their passengers, and holds them responsible, as it does common carriers, for the negligence of their servants to whom they have intrusted this duty—negligence being an absence or want of the care which the law requires. 5 Am. & Eng. Ency. Law, 586, 558, 553; *So. Ry. Co. v. Crowder,* 135 Ala. 428, 33 South. 335.

The complaint, we think, might well have counted upon the breach of this general duty to use due and proper care to carry safely, without specifying the particular act of diligence which the defendants should have employed in the performance of that duty (*Leach v. Bush,* 57 Ala. 155; *Tenn. Coal, Iron & R. R. Co. v. Smith,* 171 Ala. 259, 55 South. 170; *Va.-Car. Chem. Co. v. Mayson,* 7 Ala. App. 588, 62 South. 253); and if the complaint had so declared, then upon proof that the vehicle in which plaintiff was riding was upset and plain-

tiff was injured, it would have been incumbent upon defendants to prove that the accident was not due to any negligence on their part or that of their servants.— *Payne v. Halstead,* 44 Ill. App 97; *Saltonstall v. Stockton,* Taney's Dec. 11, Fed. Cas. No. 12,271; *Stokes v. Saltonstall,* 13 Pet. 181, 10 L. Ed. 115; *L. & N. R. R. Co. v. Jones,* 83 Ala. 381, 3 South. 902; *Ga. Pacific R. R. Co. v. Love,* 91 Ala. 433, 8 South. 714, 24 Am. St. Rep. 927.

Here, however, the complaint declares upon the particular duty of defendants to exercise reasonable care to select and furnish a skillful and careful driver, which is a mere incident of the general duty to use due and proper care to carry safely.—5 Am. & Eng. Ency. Law, 533; *Peck v. Neil,* 3 McLean, 22, 26, Fed. Cas. No. 10,892. A breach of this particular duty is shown, in that it is averred in effect that the defendants did not furnish a skillful and careful driver, but a negligent and unskillful one, as a result of whose negligence the injuries are alleged to have occurred. The criticism of defendants is that the count fails to show that the injury complained of was the proximate consequence of the breach by defendants of the duty declared on, to wit, to exercise reasonable care in furnishing a careful and skillful servant, but, on the contrary, shows that the injuries complained of were the proximate consequence of the negligence of the servant, which is a breach of the general duty to use due and proper care to carry safely. We cannot well conceive how any causal connection could be shown between the injuries complained of and the negligence of defendants in furnishing a careless and unskillful servant, which is declared on, without showing that the injuries resulted from the negligence of the servant so furnished, while acting within the line and scope of his employment.—*Payne v.*

*Halstead,* 44 Ill. App. 97; *Horne v. Meakin,* 115 Mass. 326; *Benner Co. v. Busson,* 58 Ill. App. 17.

Another criticism of the count is that it fails to show or allege the relation of passenger and carrier between the plaintiff and defendants. A passenger is a person conveyed for hire from one place to another, and the relation of carrier and passenger is, therefore, usually dependent upon the existence of a contract of carriage of some sort, since it is the existence of such a contract which distinguishes a passenger from a licensee, a trespasser, or an employee of the carrier, etc.—5 Am. & Eng. Ency. Law, 487. It is not necessary to such a relation, however, that this contract of carriage be between the passenger and the carrier. It exists in every case in which the carrier receives and agrees to transport another not in its employment, whether this be by contract between the carrier and such person or by contract between the carrier and some other person. As instances of this, mail agents and express agents, whom a carrier is employed by another to carry, are held to be passengers to whom the carrier is under duty to use the proper degree of care to carry safely.—*Gulf, etc., R. R. Co. v. Wilson,* 79 Tex. 371, 15 S. W. 280, 11 L. R. A. 486, 23 Am. St. Rep. 345; *Fordyce v. Jackson,* 56 Ark. 594, 20 S. W. 528, 587; *Yoemans v. Contra Costa Steam Nav. Co.,* 44 Cal. 71; *Blair v. Erie R. Co.,* 66 N. Y. 313, 23 Am. Dec. 55; *Penn Co. v. Woodworth,* 26 Ohio St. 585; *Jennings v. Grand Trunk R. Co.,* 15 Ont. App. 477. Likewise it has been held that the relation of carrier and passenger exists between the owner of a vehicle who furnishes the driver and a person who is riding in it at the invitation of the person who hired it and to the knowledge and with the assent of the driver, so that the carrier is liable for injuries resulting to such person from the negligence of the driver.—

*Payne v. Halstead,* 44 Ill. App. 17; *Horne v. Meakin,* 115 Mass, 326. See, also, 20 Am. & Eng. Ency. Law, p. 178, and cases cited in note 5.

Here, as will be observed from reading the count, one Mr. Fries, whose wife had died, hired from defendants carriages, with drivers in charge furnished by defendants, to convey the party in attendance upon the funeral of his wife from Birmingham to a cemetery at some distance, where the remains were to be interred. In this party was the plaintiff, who at the invitation of the daughter of Mr. Fries, took passage with others of the party in one of these carriages, and while en route the horses ran away, through the alleged negligence of the defendants' driver, whence the injuries complained of. The facts alleged show that the defendants owed the plaintiff and all others of that funeral party—who by the express or implied invitation of the hirer took passage in one of those carriages engaged for the purpose, alleged to have been known to defendants, of transporting them to the cemetery—the duty of using proper care to carry them safely. This duty resulted, not, of course, from a contract between defendants and such persons, but from a contract between defendants and Mr. Fries, whereby the defendants engaged for a reward to do the service, thereby bringing themselves into a relation, from which the duty flowed, with each of the parties at that funeral who might be invited to a seat in one of those carriages. As an incident of this general duty, they owed each of them a particular duty, which is declared on here, as shown, to use reasonable care in the selection and furnishing of a careful and skillful driver.—5 Am. & Eng. Ency. Law, 533; *Peck v. Neil,* 3 McLean, 22-26, Fed. Cas. No. 10,892. We do not think the count subject to any of the demurrers aimed at it.—*Payne v. Halstead,* 44 Ill. 97.

We are of opinion, however, that the count was not proved, and that the court erred in not giving the general affirmative charge requested by defendants, and this is because the plaintiff failed to show even prima facie that her injuries were the result of the negligence declared on of defendants in failing to furnish a careful and skillful driver. It is not claimed by plaintiff that there was any evidence whatever even tending to show this fact, except the one act of negligence on the part of the driver at the time of and which resulted in the accident complained of. Our Supreme Court have held that:

"Negligence such as unfits a person for service, or such as renders it negligent in a master to retain him in the employment, must be habitual, rather than occasional, or of such a character as to render it imprudent to retain him in the service. *A single exceptional act will not prove a person incapable or negligent.*"—*First Nat. Bank v. Chandler,* 144 Ala. 308, 39 South. 822, and cases there cited.

The undisputed evidence for defendants was that the driver had been in their employment and service as a driver continuously for over a year, and had never had an accident that they ever heard of before the one here complained of, and no complaints, before this, had ever been made that he was not careful and skillful, and that he appeared to be a careful and competent driver. We find nothing in the case, therefore, to warrant, but much to rebut, the inference that the defendants were negligent in furnishing this driver.

Of course, as hereinbefore said, the plaintiff could have recovered for the negligence of the servant, which was in law the negligence of the defendants, if the accident happened as a result thereof (*Payne v. Halstead,* 44 Ill. App. 97), provided the complaint had been fram-

[Orr & Lanning v. Boockholdt.]

ed to that end; but she is not permitted to count on a specific duty and its breach, and recover by proving the breach of another duty. Probata and allegata must correspond.

The judgment is reversed, and the cause remanded. Reversed and remanded.

ON REHEARING.

What is said in the opinion with respect to defendants' liability is predicated upon the case as made by the complaint—count 3, which was under consideration —wherein it is alleged in effect that Mr. Fries, at the invitation of whose daughter plaintiff took a seat in the carriage, contracted through his agent, the Gaudin Undertaking Company, with the defendants to furnish suitable horses, carriages, and drivers for carrying the funeral party from Birmingham to the cemetery named. Some of the evidence tended to support these allegations of the complaint and to show that the contract was, as alleged, between Mr. Fries and defendants, being made on the part of Mr. Fries by and through his agent, the Gaudin Undertaking Company, directly with defendants. The jury must believe this before plaintiff could in any event recover under the count named, as at present framed. On the other hand, the evidence for defendants tended to show that Mr. Fries contracted with the Gaudin Undertaking Company, and not with defendants, to furnish suitable carriages, horses, and drivers for the purpose named, and that the Gaudin Undertaking Company, in order to carry out its contract with Mr. Fries, hired for itself from defendants the carriages, horses, and drivers, which were sent to the latter's undertaking establishment to be used as it might direct and were put under

its control; defendants not knowing where they were going.

We did not, in the opinion, undertake to declare the law relative to the state of facts as contended for by defendants. That case is not before us, as there is no complainant here predicated on such a state of facts. Whether the plaintiff would have a case against defendants if the facts be as the latter's evidence tends to show, or what would be the extent of defendants' duty and liability to plaintiff, if any, in such event, are questions that were not before us and were not considered.

It may be further stated, in order to relieve other misunderstanding of counsel apparent from the briefs filed on application for rehearing, that likewise the question of the degree of care required of a private carrier in carrying its passengers is also one that is not presented by the record, and one that was not considered in drafting the opinion. Whether the law exacts of it and its servants, as in the case of common carriers, the observance of the highest degree of care to secure the safe carriage of the passengers it has undertaken to carry, thereby making it liable for slight negligence, or exacts of it only ordinary care to this end, thereby making it liable for only ordinary negligence on the part of itself and servants, is an open question in this state, which is not before us in this case, as said, and which may never arise in it, and upon which we did not, therefore, intend to express any opinion. We have conseqeuntly revised the language of the several sentences in the opinion, which has given rise to the misunderstanding of counsel in this particular, fearing that, as it originally stood, it might also mislead others in the future.