George Olivier, Appellant.

 vs No.8788

J.L.Lancaster and C.L.Wallace

 Receivers T.and B.Ry.

 Charles F.Claiborne,Judge.

May 14th 1923 .

*Judge Bell dissents for reasons to be hereafter assigned*

Court of Appeal
May 14/23

George Olivier,appellant.

vs No.8788

J.L.Lancaster and G.L.Wallace

Receivers T. and P.Ry.

Charles F.Claiborne,Judge.

This is a suit for damages for physical injuries suffered in consequence of the derailment of one of defendant's trains by plaintiff employed thereon as a Mail Service Clerk.

Plaintiff alleges that on February 20th 1921 while engaged in the scope of his employment and while performing his duties as a Railway Mail Service Clerk in the mail car attached and making part of the Texas and Pacific train No.22 said train derailed at Maringouin,Louisiana,causing the mail car to turn over and seriously injure petitioner who was in said mail car at the moment or the accident;"petitioner further avers he has been informed and believes to be true and so alleges that the wreck and derailment of train No.22 which caused the injury hereinafter described to your petitioner was due to defective rails on the main line of defendant's tracks";he further avers that he received severe injuries on the head,arm,thigh and back which nesessitated his being confined in bed and prevented him from performing his duties for a period of twenty one days during which time he was under the care of a physician;that since said accident he suffered from constant headaches,and nervousness,and that his health has been permanently impaired;that he has suffered great pain and agony.He claims the following damages;

| Physical pain and suffering | $2,500.00 |
| Mental Suffering | 2,200.00 |
| Medical Expenses | $$$ 300.00 |
| | $ 5,000.00 |

The answer was practically a general denial.

The case was tried by a jury and there was a verdict for the defendant.The plaintiff has appealed.

The first question to be determined is what capacity did the plaintiff occupy on the train,was he entitled

117

to the rights of a passenger?

In 10 Corpus Juris p.631 we read:

"Postal Clerks.Although it has been held that a postal clerk while on a train in the performance of his duties is not a passenger,so that the railroad company is liable to him for an injury only in case of negligence which would render it liable to its own employees,by the weight of authority a postal clerk,employed in the service of the government and engaged in its service,traveling on a train,whom by contract with the government the Company is bound to carry, must be considered a passenger at least in so far as the Company's liability for his personel injuries through negligence is concerned".

same p.632 Note 71 :

" It is settled law that in the carriage of the route agents or postal clerks of the United States,charged with duties respecting the protection and proper distribution, of the mails carried under contracts in accordance with law, the carrier is under the same obligation to them,as regards suitable and safe carriage,that it is to its ordinary passengers"

" As a matter of general law,aside from any local statute,a railway mail clerk,while engaged in the performance of his duties,is unquestionably to be regarded as a passenger, and entitled to the rights and immunities growing out of that relation.This is decided by Courts of the highest character, the authority of which is not to be resisted", 143 Fed.565-567-

What then are the responsibilities of the carrier towards the passenger?

The answer is found in Gleeson vs Virginia RRD. 140 U.S.435 in which the Court said on p.443 :

" Since the decisions in Stokes vs Saltoustall 13 Peters 181 (1884) and RRD. Co. vs Pollard 22 Wall 341,it has been settled law in this Court that the happening of an injurious accident is in passenger cases prima facie evidence of negligence on the part of the carrier and that (the passenger himself in the exercise of due care) the burden then rests upon the carrier to show that its whole duty was performed and that the injury was unavoidable by human foresight.

118

The rule announced in those cases has received general acceptance and was followed at the present term in Juland Coasting Co. vs Tolson 139 U.S. 551 -xxx The law is that the plaintiff must show negligence in the defendant.This is done prima facie by showing,if the plaintiff be a passenger, that the accident occurred.If that accident was in fact the result of causes beyond the derendant's responsibility,or of the act of God,it is still none the less true that the plaintiff has made out his prima facie case.When he proves the occurrence of the accident,the defendant must answer that case from all the circumstances of exculpation,whether disclosed by the one party or the other.They are its matter of defence".

The principle of this opinion was adopted by this Court in Frazier vs Southern RRD. No.8608 decided March 19th 1923,following numerous decisions of our own Supreme Court.

In that case we said:

" When the passenger is injured all he has to allege and prove is a derailment or explosion,a collision,or other accident,and an injury to himself,and the carrier is liable unless he explains that the accident was without his fault."We adhere to that decision.

In the case under consideration the plaintiff alleged that he was a passenger,that the train had derailed and that he had suffered an injury.In the language of the Supreme Court of the United States: " when he proves the occurrence of the accident,the defendant must answerthat case from all the circumstances of exculpation whether disclosed by the one party or the other."

But the defendants say that this rule does not apply when the plaintiff does not specifically"in ipsissimis verbis" charge the defendant with" negligence".

There is no merit in this contention.

First. When the plaintiff alleges that the defendants used defective rails,that their cross-ties were decayed,and that the spikes were missing,this sufficiently implies negligence without the use of the word-" The allegation that the

119

death resulted from the derailing of the cars by reason of bad condition of track,consequently upon rotten ties and missing spikes,is sufficient averment of negligence"

Duncan vs Ry 51 A 1775

It is not necessary to allege fraud by name if the allegations imply fraud.117 La 16 -20 Cyc 98 .

As the presumption of negligence resulted from the accident,it was not necessary for plaintiff to allege it. Plaintiff need not allege what he need not prove.

"Since the law relieves the owner of proving negligence,wherefore the necessity of alleging that which he does not have to prove? His cause of action is complete,under the law as it now stands,when he sets forth his animal has been killed by the defendant Company,where and when killed,and that its value is so much." 106 La 425 (428) .

The defendants did not attempt any explanation of the derailment, nor exculpation of the presumption of negligence by witness of their own.Neither the engineer,nor conductor,nor roadmaster,nor any other employee of the Company was called by them.

"The failure of the railroad Company to introduce the testimony of its employees,who were on the train at the time of the accident.raises a presumption of negligence against the company" 35 A 694 .

"When the existence of certain facts lies within the knowledge of me one of the parties and he fails to testify concerning it,the presumption is against him- 35 A 694-1 L.D. 247-127 La 309-142 La 265-144 La 83 .

The defendants rested their defense upon the proposition that inasmuch as the plaintiff had restricted his complaint to defective reails,unless he proved that fact his suit must be dismissed.In support of their position they quoted from 51 A 1775-: "The failure of the plaintiff to establish the allegation that the death resulted from the derailing does not throw upon the defendant the burden of accointing for the accident.

120

This Court might have been misled by the quotation had they not read the opinion. But in that case the plaintiff was a brakeman whose rights are entirely different from those of a passenger. The Court says on p.1785 : " It is true that the defendant does not account for the accident, save by theories propounded by one or two of the witnesses, but it was not in the case presented bound to do so, whatever might have been its obligation had the person injured been a passenger or perishable freight, instead of an employee. A brakeman accepts the risks incident to his employment and etc ".

The defendants objected to any evidence tending to show the defective condition of the cross-ties, road bed, and track in general, or of the excessive rate or speed of the train on the same ground that the plaintiff had alleged defects only in the rails. The objections were maintained and the evidence excluded. It was not necessary for the plaintiff to make proofs of those facts, on the contrary it was incumbent on defendants to prove that all those agencies were as sound and safe as human ingenuity could make them.

A railroad conductor of the defendant company swore that the spikes along the rails were missing, or had been removed from the cross ties with the intention of wrecking the train. Railroads are required to make inspections of their belongings at reasonable times and to have track-walkers to inspect their tracks. There is no evidence in this case that any precautions of that kind were taken; no testimony to show when those spikes, if any, were removed; or that they had been removed so recently that it was not negligence on the part of the railroad not to have known it.

Thousands of passengers travel upon railroads every day, and public policy requires that their duty to carry their passengers safely should be strictly enforced.

The plaintiff swears that when the car ran off the track, the car turned over, and he was knocked down, and the furniture fell upon him, and he remained in that position about thirty minutes; he was unconscious for 15 or 20 minutes;

121

he was struck on the head and had contusions on his arm,and leg and back,but they left no marks;he went to bed for ten days; he remained away from work for 20 days for which the Government paid him compensation;he employed a doctor who treated him for about 15 days,but there is no evidence that he paid him anything.

We think a judgment for $250 will do justice in the case.See Frazier vs Southern RRD.No.8608 Ct.App March 19th 1923 .

It is therefore ordered that the judgment herein be avoided and reversed,and that there now be judgment in favor of the plaintiff George Olivier and against the defendant the Texas and Pacific Railway Company for Two Hundred and Fifty dollars,with costs in both Courts.

Judgment reversed.

May 14th 1923 .

I respectfully dissent

C. H. Bell
Judge

GEORGE OLIVIER ( NO. 8788

 VS ) COURT OF APPEAL

J. L. LANCASTER & C. L. WALLACE,
RECEIVERS OF THE TEXAS & PACIFIC ( PARISH OF ORLEANS
 RAILWAY

- - - -

APPEAL FROM THE CIVIL DISTRICT COURT FOR THE PARISH OF
ORLEANS, HON. COLUMBUS REID, JUDGE.

- - - -

DISSENTING OPINION OF
WILLIAM A. BELL,
JUDGE.

- - - -

I concur only in that part of the majority opinion rendered
in this case, which holds that the plaintiff, a postal clerk in the
employ of the United States Government was a passenger on defendant's
train and to whom defendant owed a high degree of caution while car-
rying him. However, from this conclusion it does not follow as a
matter of law, that plaintiff, failing to charge defendant with
general negligence, but electing, on the contrary, to aver specif-
ic negligence, had naught to do in establishing a right or cause
for recovery but to prove that (1) while a passenger on defendant's
train he was (2) injured by an (3) accident for which (4) he was not
himself at fault. I cannot subscribe to such a doctrine, which seems
to me opposed to overwhelming authority. It cannot be doubted that
even without approval of text writers or courts, common sense would
impel the doctrine both just and reasonable, that derailment of a
railway train resulting in injury to a passenger establishes a prima
facie presumption of some sort of negligence on the part of the car-
rier. Such a presumption, however, cannot and does not in any in-
stance carry a fixed conclusion that the carrier has been guilty of

123

every conceivable negligence, so that plaintiff is relieved of either alleging or proving negligence on the carrier's part.

It is a fundamental truth, for which authority need not be cited here, other than Article 2315 R. C. C., that in order to recover in this or other actions ex delicto, plaintiff must both allege and prove defendant to have been negligent, or, in other words, at fault. Such allegations may be general or both general and specific, as in the Frazier case recently decided by this court, or there may be only allegations of specific negligence as in the instant case. Where the latter course is adopted, plaintiff is rightly held to the specific proof of the negligence as alleged and cannot substitute therefor proof of other acts of negligence not averred in the pleadings. · In the Frazier case this court did not hold that under conditions similar to those in the instant case no averments of negligence need be made by plaintiff against defendant to support the former's cause of action. There it was said:

> "The plaintiff in this case does allege general negligence on the part of the defendant. Inasmuch as under our jurisprudence that allegation was sufficient to entitle plaintiff to recover, we consider specific allegations of negligence as mere surplusage and not essential to be proven by plaintiff."

The majority opinion in the present case is predicated principally upon the ruling made by the United States Supreme Court in Gleeson v. Virginia Midland Railway Co., 140 U.S., 435, which cites with approval the earlier rulings of that court in Stokes v. Saltonstall, 13 Peters, 181, and New Jersey R. & Transp. Co. v. Pollard, 22 Wall., 341; also Inland & Seaboard Coasting Co. v. Tolson, 139 U.S., 551.

It should be noted, however, that in Sweeney v. Erving, 228 U.S., 233, the court carefully reviewed its rulings made in the Gleeson case and particularly what had been previously held in Stokes v. Saltonstall, and concerning this latter case it said:

> "A reading of the report shows that the case turned upon the high degree of care owing by carrier to passenger, and that the court did not rule that the circumstances of the occurrence shifted the burden of proof upon the main issue. Such is the effect that has uniformly been given to the decision. New Jersey R. & Transp.

Co. v. Pollard, 22 Wall. 341; Inland & Seaboard Coasting Co. v. Tolson, 139 N.S., 551; Gleeson v. Va. Midland R. Co. 140.

"In our opinion, 'Res ipsa Loquitur' means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. {Res ipsa Loquitur,' where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff."

The trial judge's exclusion of evidence tending to prove excessive speed of the train in the present case, where neither this fact nor any general acts of negligence was averred, was, in my opinion, eminently correct and based upon the soundest rules of evidence. His charge to the jury to the same effect was in no respect reversible error and the jury's findings are entitled, on appeal, to the highest consideration. It is plain from the language used in the judge's charge that he was convinced (as I am) that under the pleadings of this case the rule of Res ipsa Loquitur could not be applied, saying:

"When the plaintiff himself alleges specific negligence on which he relies to recover, it is encumbent on him to prove that negligence by a preponderance of evidence."

But applying ~~the application of~~ the rule to the instant case, as has been done in the majority opinion, its application, as was set out in Sweeney v. Erving, 228 U.S., 233, "does not convert the defendant's general issue into an affirmative defense." The burden in this case is noneless upon the plaintiff to prove by a preponderance of evidence that the derailment was caused by defective rails. My appreciation of the evidence is that he has not carried this burden and I think the jury's evident conclusion to the same effect should not be disturbed.

125

I cannot agree with the opinion of my learned associates
that it was incumbent upon the defendant in this case to affirma-
tively prove (as the opinion implies) that the railroad company
had duly employed track walkers to inspect its tracks or that such
inspection had been but recently made before the accident, or that
the railroad spikes, which one of plaintiff's witnesses said had
been removed, were in fact found at the time of the inspection to
have been intact, or that the defect in the road-bed, cross-ties,
fish-plates, spikes, or any other parts--other than the rails(alone
charged to be defective) was due to vandalism, etc. Under the
circumstances of the instant case, I cannot agree that such af-
firmative proof of such precautions or the establishment of other
defenses in avoidance of liability, was encumbent upon the defend-
ant. If such be the doctrine applicable to actions ex delicto
against carriers of passengers charged with specific negligence,
citation under pleadings similar to those now
before us, would automatically move the case towards inescapable
liability against the defendant, upon the sole theory that it alone
could know or must have known the cause of the accident and. there-
fore, must in every instance prove by affirmative preponderance of
evidence that it was not at fault. This is not my appreciation of
the law or jurisprudence of this or any other State of the union,
nor was such a doctrine intended to have been announced in the case
of Lykiardopoulo v. N. O. Ry. & L. Co., 127 La., 309; or in 142 La.,
215, or 144 La., 83.

In Cooper v. Century Realty Co. (Missouri) 123 S.W., 848, it
was held:

> "In an action for injuries from a carrier's
> negligence it is sufficient to charge negligence in
> general terms; and under such a petition plaintiff
> need only to show that defendant was a common car-
> rier, and that plaintiff was a passenger and was in-
> jured by the carrier while being carried, from which
> it will be presumed that the injury was from the car-
> rier's negligence; but if the petition charges spec-
> ific negligence, the acts charged must be proved as
> alleged before a prima facie case is made."

A like ruling was made by the United States Circuit Court of Appeals in Midland Valley Railroad Co. v. Conner, 133 C.C.A., 628, in which Judge Sandborn, as the organ of the court, said:

> "And in the absence of any allegation of general negligence in a complaint or petition against a carrier for injuries to a passenger, which contains only specific allegations of negligence, it seems that, by the weight of authority, the presumption of negligence has no application to the case, as this presumption, when it arises, is simply of some negligence that caused the injury, and not a negligence in all things, and does not sustain allegations of specific negligence."

Corpus Juris, Vol. 10 p.p. 1028, 1029, in speaking of the doctrine of Res ipsa Loquitur, says:

> "The doctrine of Res ipsa Loquitur applies only where defendant's negligence is charged generally, and not where specific acts of negligence which caused the injury are alleged, as in such a case plaintiff has the burden of proving the specific acts relied on."

The Supreme Court of Alabama, in the case of Orr v. Boockholdt, 10 Ala. App., 331, said:

> "So, where the complaint in an action against a carrier for injury to a passenger declares upon a particular duty of the carrier, which is a mere incident of the general duty to use due and proper care, the plaintiff must prove a breach of the specific duty counted upon, and the complaint is not sustained by, nor can the plaintiff recover on, the presumption of negligence showing a breach of a general duty."

A like ruling was made in Sullivan v. Capitol Tract. Co., 34 D.C., 358, when the court said:

> "In an action by a passenger against a carrier, where the plaintiff in his declaration alleges the specific facts upon which he relies to establish the negligence of defendant--thus showing that they are within his knowledge-- the burden is upon him to establish negligence as the basis for recovery; and he does not make out a prima facie case calling for rebuttal or explanation by the defendant by merely proving that he was a passenger and the occurrence of the accident by which he was injured."

See also M. K. & T. Ry. Co. of Texas v. Thomas, 132 S.W., 974; 140 S. W., 398.

The case of State ex. rel. Sorrel v. Foster. 106 La., 425, is cited in the majority opinion of this court as authority for the rule that plaintiff need not allege what he need not prove, but examination of that case *shows* *and* *the* fact that the court was

therein applying and enforcing a particular rule of pleading authorized by a particular statute, to-wit: Act 70 of 1886, providing that in suits against railroad companies for the loss of stock killed or injured by them, it should be sufficient, in order for the plaintiff and owner to recover, to prove the killing or injury. The language of the Supreme Court in Sorrel v. Foster, which immediately precedes that part of the court's decision quoted in the majority opinion, to which I now dissent, reads as follows:

> "It will be observed that this statute changes in an important respect the rule which obtained prior to its enactment. Then, the claimant owner must prove the killing or injury and the fault of the company. Now, it entirely suffices for the owner to recover, that he prove merely the killing or injury."

Surely, the rules of pleading and evidence recognized in the above-cited case cannot be applied to the instant case.

For the foregoing reasons, I respectfully dissent to the majority opinion herein rendered and am of the opinion that the judgment of the lower court, predicated upon the findings of the jury, should be ~~been~~ affirmed.