Albert B. WELCH, Appellant,

v.

Virginia Morrow WELCH, Appellee.

No. 16188.

Court of Civil Appeals of Texas.

Dallas.

June 14, 1963.

Wm. Andress, Jr., Dallas, for appellant.

Carter, Gallagher, Jones & Magee, Dallas, for appellee.

WILLIAMS, Justice.

This appeal relates solely to the custody of a minor child. Albert B. Welch brought this suit seeking a divorce from his wife Virginia Morrow Welch and asking that he be awarded custody of their ten year old daughter, Margaret Welch. The mother, by cross-action, sought a divorce and custody of the child. The father demanded a jury and at the conclusion of the trial the court submitted the issue of custody to the jury which answered same in favor of the mother.

Based upon this jury finding the trial court awarded custody of the minor child to the mother, appellee here, but granted a divorce to Albert B. Welch. The divorce phase of the judgment is not appealed by either party.

Appellant seeks reversal of the custody award in ten points of error all of which, having been carefully examined by us, are found to be lacking in merit and we therefore affirm the trial court's judgment.

By his first point appellant assails the constitutionality of Art. 4639a, Vernon's Ann.Civ.St., contending that same is invalid in that it contravenes Art. 5, Sec. 8 of the Constitution of Texas, Vernon's Ann.St.

The statute under attack, Art. 4639a, V.A.C.S., was enacted by the 57th Legislature on June 14th, 1961 and being Chapter 305, p. 663, of the Laws of the 57th Legislature, Regular Session, 1961, the essential portions being added by this amendment to prior statute being:

"Provided, however, that the judgment of the court in a jury trial of a divorce cause may not contravene the jury's determination of child custody. In any hearing held in this State concerning the custody of a child, whether pursuant to a divorce cause or not, any party to the hearing may, upon assumption of jury costs, demand a jury to determine custody of the child, and the judgment of the court must conform to that determination."

The Constitution of Texas, Art. 5, Sec. 8, entitled "Jurisdiction of District Court" provides, among other things, that the district court shall have:

"* * * original jurisdiction and general control over executors, administrators, guardians and *minors* under *such regulations as may be prescribed by law.*" (Emphasis supplied.)

Until the Legislature amended Art. 4639a in 1961 there was no statutory provision allowing the right to a jury trial in a child custody proceeding. This was entirely proper because, as the court said in Hickman v. Smith, Tex.Civ.App., 238 S.W. 2d 838, err. ref.: "[t]he right to trial by jury as guaranteed by Art. 1, Sec. 15, of the Bill of Rights to the Texas Constitution, and Art. 5, Sec. 10, of such Constitution, Vernon's Ann.St., is limited to the right of trial by jury as it existed at common law or as provided by statutes in effect at the time of the adoption of our Constitution in 1876." Under the common law the determination of the custody of minor children was a well-recognized branch of equity. 17 Am.Jur. Sec. 275. In equity cases there has never been a right to jury trial unless that right has been expressly provided by constitution or statute. The rule in Texas, prior to the amendment under question, was clearly established that in child custody cases the proceedings were considered to be in equity in which the trial judge sat as a chancellor and that if a jury was allowed, its findings were advisory only, and not binding on the trial judge. 3 Speer, Marital Rights in Texas, 211–212

(4th Ed. 1961); 20 Tex.Jur.2d 644, Sec. 320, and cases therein cited

■ In applying the test of constitutionality to a statute we must presume that the Legislature, in enacting the law, knew the circumstances and conditions affecting or relating to the amendment, including all prior decisions of the courts pertaining to the subject matter. 39 Tex.Jur. 248, Sec. 142. There is also a presumption in favor of the constitutionality of a statute and the burden rests on the one asserting the invalidity of a statute to show that the act is prohibited by a provision of the Constitution. 12 Tex.Jur.2d Sec. 41 and 42, pp. 384–385. Only one case dealing with the constitutionality of the Act has been decided by an appellate court since the enactment of the amendment in question. In that case, Carter v. Carter, Tex.Civ.App., 359 S.W.2d 184, err. dism., the majority of the Waco Court of Civil Appeals held that the statute was constitutional and did not violate Art. 5, Sec. 8 of the Texas Constitution. We agree with that holding and find that the Article under attack is not repugnant to any provision of the Constitution. Appellant has wholly failed to discharge his burden of proof by demonstrating the unconstitutionality of the Act. The burden of his contention is that: "The amendatory act of 1961 seeks to deprive the district judge of his constitutional jurisdiction, and is therefore void." To the contrary, the amendment does not in anywise take away from the district court its jurisdiction in custody proceedings but merely grants the right of a jury trial when requested by either party and provides further that the jury's verdict is more than advisory. The Constitution, Art. 5, Sec. 8, grants to the district court jurisdiction over custody matter. The amendment does not take away or limit that jurisdiction in the least. The word "Court" as used in the Constitution does not necessarily confine its meaning to "judge". When a case is tried before a court and a jury the two combined constitute the court. 14 Am.Jur. Sec. 4, p. 249.

■ Neither can we agree with appellant that the effect of the amendment to Art. 4639a, V.A.C.S., is to destroy the effect of Rule 301, Texas Rules of Civil Procedure, which grants to the trial court the right to set aside a verdict which is not supported by evidence. It is our belief that Rule 301, T.R.C.P., still prevails and that Art. 4639a, as amended, should be construed in the light of the above Rule. So, in the event that the verdict of the jury in a child custody case is not supported by any evidence, then, under the terms of Rule 301, T.R.C.P., the judge has the right to set aside the verdict. It would seem that the Legislature intended that instead of permitting the jury finding to be advisory only, as it was prior to the amendment, that such jury finding would be binding upon the court but only when supported by the evidence as in any other civil action where the parties have a right of trial by a jury.

■ Appellant earnestly argues that the amendment is an unwise one, citing numerous opinions of the courts to the effect that a trained judiciary is in much better position to determine the question of custody than a jury of laymen. Such may be the case but it is not a proper judicial function to determine or pass upon the wisdom of legislation. Relief from unwise laws must be sought from the legislative branch of the government. For an interesting discussion in this connection see the Article entitled "Binding Jury Verdict In Child Custody Proceeding, Art. 4639a, amended" by Shirley Levin Vol. 16, SW Law Journal, #3, p. 507–515.

■ By his second point, appellant contends that the court erred in refusing to admit in evidence the statements, both verbal and written, of the minor child relating to her preference between her parents. We think the trial court was correct in both rulings. The testimony offered was hearsay. The little girl, Margaret, was not in court in person to testify. Appellant's second point is overruled.

By his third point appellant contends that in child custody cases that technical rules of procedure are of little importance, it being the duty of the court to ascertain all facts which will assist him to determine the best and proper environment for the child, and therefore the trial court in this case erred in refusing to admit the following evidence: The minor's statements verbal and written as to her wishes; the maternal grandmother's letter regarding the brainwashing to which the minor was subjected; and the testimony of witnesses regarding the condition and attitude of both parents. This point is claimed to be germane to six paragraphs of the amended motion for new trial. Obviously, the point is multifarious and violates Rule 418, T.R. C.P., relating to briefing. Even so, we have studiously examined the statement of facts relating to each of the matters complained about and find that the court's action in each regard was proper.

By point four appellant urges error in the refusal of the trial court to admit in evidence a letter written by Mrs. Morrow to the mother of the appellant. During cross-examination of the witness Randall Morrow, the father of the appellee, appellant offered in evidence a letter written by Mrs. Morrow to Mrs. Allen Jamison, the mother of appellant. Objection was made to the admissibility of such letter because it was irrelevant, immaterial and hearsay, and contained conclusions and mental processes of a person not a party to the suit. The court interrogated the witness concerning the letter and its was developed that the letter was not his and did not contain his views or thoughts. We think the court was correct in sustaining the objection. The letter was hearsay and furthermore, the writer of the letter, Mrs. Morrow, was shown to have been available in court but was not placed upon the witness stand to testify concerning the letter. Point four is overruled.

In his point five appellant contends that the trial court erred in permitting certain cross-examination of appellant relating to his having received psychiatric treatment in 1948, three years before the marriage. Appellant contends that such testimony was too remote and had no relevancy to the issue of custody. The record reveals such cross-examination but it also reveals that on further re-cross-examination the same testimony was developed without objection. Accordingly, the error, if any, was waived. 3 Tex.Jur.2d 396, Sec. 124.

By his sixth point, likewise multifarious, appellant complains of the action of the trial court in admitting the expert testimony and recommendation of the witnesses Spratlan and Ackerman, employees of the Juvenile Department, who had made investigations in this case. We overrule this point. Both witnesses were duly qualified as experts in the field of custody of children and their conclusions and recommendations concerning custody were properly admitted to the jury. The weight and credibility of the testimony of the two expert investigators were clearly for the jury.

By his seventh point appellant complains that the trial court should have permitted the witness Spratlan, who came beyond subpoena reach, to testify as to who paid the expenses of the trip to Dallas to attend court. The record reveals that Mrs. Spratlan testified that her expenses were paid by the Child Welfare Division at Austin. Upon being asked whether she had some written authorization from the Child Welfare Division at Austin to pay her expenses the court sustained the objection thereto on the ground that it was irrelevant. We see no error in this point.

Appellant's eighth, ninth and tenth points are the familiar (1) no evidence; (2) insufficient evidence; and (3) contrary to the great weight and preponderance of the evidence, points. These points have required us to examine the entire statement of facts and evaluate same in accordance with the rules announced by our Supreme Court in In re King's Estate, 150 Tex. 662,

244 S.W.2d 660, and Fisher Const. Co. v. Riggs, 160 Tex. 23, 325 S.W.2d 126. The statement of facts, consisting of 309 pages of testimony and exhibits, is replete with evidence both pro and con on the issue of custody of the child involved. No useful purpose will be served by relating or summarizing all of this testimony. It is sufficient to state that when examined in the light of the rule announced by our Supreme Court the record here presented contains ample evidence to support the verdict of the jury and the judgment of the court based thereon awarding custody of the child to appellee. Appellant's eighth, ninth and tenth points are overruled.

Judgment of the trial court is affirmed.

DIXON, C. J., not sitting.