Patricia Darlene Newman SHANNON et vir,
Appellant,

v.

Delbert W. NEWMAN.

No. 7573.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 28, 1966.

Harold Sanderson, Amarillo, for appellants.

George S. McCarthy, Amarillo, for appellee.

DENTON, Chief Justice.

This suit, seeking a change in custody of a four year old girl, was brought by Delbert W. Newman, the father, against Patricia Darlene Newman Shannon, the mother, and her husband, Jerry Shannon. Newman and Mrs. Shannon were formerly husband and wife. The divorce decree awarded the custody of the child to the mother for nine months and to the father for three months of each year. The defendants, by cross-action, also sued for custody. The case was submitted to a jury which answered in favor of the father. Based on the jury verdict, the trial court awarded full custody to the father with visitation rights granted to the mother.

The sole point of error, liberally construed, is that the trial court abused its discretion in changing custody of the minor child in that the evidence is insufficient to support the finding there had been a material change of conditions. The verdict of the jury is binding upon the trial court and not merely advisory as was the case prior to the enactment of Article 4639a, Vernon's Ann.Tex.Civ.St., as amended. Fatheree v. Eddleman (Tex.Civ. App.) 363 S.W.2d 784. A jury determination of whose custody will best serve the interests and welfare of the minor child requires the trial court to render judgment in accordance with the verdict which is supported by evidence of probative force. Appellants' point requires us to review the entire evidence in accordance with the rules announced In Re: King's Estate, 150 Tex. 662, 244 S.W.2d 660.

The parties were divorced in October, 1963. The divorce decree awarded custody of the child, born January 18, 1962, to the mother for a period of nine months

beginning September 1 and ending May 31 of each year, while custody was awarded to the father for the three summer months. The father was then in the armed services but was discharged in May, 1964. Shortly after the divorce the mother left the child in the care of appellee's mother in Tulia, Texas for several weeks while the child's mother attended business school and worked in Amarillo. The father took the child and kept it in his parents home during the summer months of 1964 in accordance with the divorce decree. The grandmother cared for the child during the day while the father worked. On or about August 1, 1964 appellant, Darlene Newman, left Tulia in the company of Jerry Shannon and they were married shortly thereafter in Las Vegas, Nevada. She returned to Tulia on September 2 and took her child as she was permitted to do. Shortly thereafter, this suit was filed but Mrs. Shannon returned to California with her child and remained there with her present husband and daughter until December, 1964.

The statement of facts, consisting of 273 pages of testimony of 22 witnesses, is replete with evidence both pro and con on the issue of custody of the child. Jerry Shannon, the appellant's present husband, was twenty-five years of age at the time of the trial and had been married four times, including the marriage to the appellant. One of his former wives and the mother of another testified to his conduct during these former marriages and to his general reputation. Characteristics of excessive drinking, violent acts against these former wives, and marked instability on the part of appellant's present husband were brought out. Testimony of appellant's activities with her present husband prior to their marriage, and with others, including a speeding automobile ride with her child while the drivers were drinking intoxicants, were not calculated to impress the tryer of the facts. The care and environment provided the child by appellee and his mother were praised by several witnesses who were in a position to know the facts. We see no need to review the testimony in detail. The jury heard the witnesses and observed their demeanor and were in a position to weigh their respective qualifications. In so doing, the jury found there had been a material change of conditions, and that the best interests of the child would be served by awarding its custody to the father, appellee herein.

 We have examined the entire record and we have concluded the jury's findings were not so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong or unjust.

The judgment of the trial court is affirmed.