Bynum Lyle NAUMANN, Appellant,

v.

Kay A. NAUMANN, Appellee.

No. 11460.

Court of Civil Appeals of Texas.

Austin.

Nov. 2, 1966.

Coffee, Ritter & Goldston, Donald N. Goldston, Austin, for appellant.

Charles W. Richards and Maxwell B. Stout, Austin, for appellee.

ARCHER, Chief Justice.

On June 1, 1965 Bynum Lyle Naumann sued his wife Kay A. Naumann for a divorce and for custody of their child, Sheryl Lynn, two years old, in the District Court of Burnet County, Texas.

On June 11, 1966, Kay A. Naumann filed her original answer and cross-answer for a divorce and for custody of the child, on the grounds of cruel treatment.

The plaintiff filed exceptions to the defendant's cross-plaintiff's cross-action, alleging that cross-plaintiff had not been a resident of Burnet County for six months immediately preceding the filing of the cross-action and was a resident of Travis County, Texas.

The case was tried with the aid of a jury and on issues submitted without exceptions or objections by either party.

In answer to Special Issue No. 1 the jury found that Bynum Lyle Naumann had not been guilty of excesses, cruel treatment or outrages against Kay A. Naumann of such a nature as to render their further living together insupportable.

Issues Nos. 2 and 3 conditionally submitted were not answered.

In answer to Issue No. 4 the jury found that the custody of the minor child should not be awarded to Kay A. Naumann and in answer to Issue No. 5 the jury found that the custody of the minor child should be awarded to Bynum Lyle Naumann.

The findings of the jury were received, filed and entered of record, and based on the verdict, judgment was entered denying the cross-plaintiff a divorce.

The court reciting that it was without jurisdiction to award custody of the child to any party since all parties had become residents of Travis County, Texas after this suit was filed, made no order concerning the custody of the child.

The judgment recites that "Bynum Lyle Naumann as plaintiff filed his motion to dismiss his cause of action, by way of voluntary non-suit" and which motion was granted without prejudice to file the same at a subsequent point in time.

The appeal is based on three points to the effect that the court erred in not making an award of appellant's minor child, and in holding that the court did not have jurisdiction to make an award of the child, and in failing or refusing to enter a ruling with respect to the custody of the child.

We believe that the trial court had jurisdiction and the duty to have awarded the custody to appellant.

■ There is no statement of facts and this Court assumes the evidence was sufficient to support the findings of the jury.

The court once having acquired jurisdiction over the parties and the subject matter, possessed the power to determine all disputes involved.

Russell v. Russell, Tex.Civ.App., 199 S.W.2d 858, n.w.h.

■ Although the divorce sought was denied, the court had the jurisdiction to award the custody of the child to one or the other.

Boggs v. Boggs, Tex.Civ.App., 306 S.W.2d 237, n.w.h.

Ex parte Brown, 382 S.W.2d 97, Sup.Ct.

■ The judgment of the District Court must conform to the jury's finding.

Article 4639a (1) Vernon's Ann.Civ.St., amending Article 4639a, reads in part:

" * * *; provided, however that the judgment of the court in a jury trial of a divorce case may not contravene the jury's determination of child custody. * * * "

Welch v. Welch, Tex.Civ.App., 369 S.W.2d 434, n.w.h.

 The right to have custody of the child modified or changed upon showing of changed conditions since entry of order by parties, to the Texas Courts is conferred by law.

Clapp v. Clapp, Tex.Civ.App., 393 S.W.2d 412, n.w.h.

The judgment of the trial court is reversed and judgment is here rendered, based on the verdict of the jury, awarding the care, custody and control of the minor, Sheryl Lynn Naumann, to appellant, Bynum Lyle Nauman.