**Phyllis Ann KIRCHNER et vir, Appellants,**

**v.**

**Billy Ray VAN SKIKE, Appellee.**

**No. 248.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 29, 1966.

John D. Bradshaw, Houston, for appellants.

Frank B. Gray, Houston, for appellee.

MOORE, Justice.

Plaintiffs, Phyllis Ann Kirchner, joined by her husband, William R. Kirchner, brought this suit against defendant, Billy Ray Van Skike, her former husband, to change custody of a child granted him in a previous divorce decree. The parties were divorced in March of 1964 and shortly

thereafter in September, 1964, the plaintiff, Phyllis Ann Kirchner, brought this suit for a change of custody alleging that a material change of conditions had occurred since the date of the divorce decree, and that the welfare of the child would be best served by granting her the present care, custody and control of the child. Defendant, Billy Ray Van Skike, answered with a general denial.

After a trial before a jury, the trial court submitted the case on one special issue, which the jury answered in favor of the plaintiff, Mrs. Kirchner. The special issue, together with the court's instructions thereon and the jury's verdict, reads as follows:

"Do you find from a preponderance of the evidence that since the former Judgment, of March 12, 1964, granting custody of the minor child, Vicki Lynn Van Skike, to Billy Ray Van Skike, there has occurred such a material change of conditions that the best interest of said minor child require a change of custody to Phyllis Ann Kirchner?

"* * *

"In connection with the foregoing special issue you are instructed that not every change of conditions justifies the modification of a former decree of divorce awarding the custody of the minor child. Such changed conditions must be such as affect the welfare and best interest of the child and be of such nature that to leave the custody of the child as previously adjudicated would be injurious to the welfare of the child and requires that such custody be changed."

to which the jury answered:

"We do."

Upon motion of the defendant, Billy Ray Van Skike, the trial court entered a judgment notwithstanding the verdict, thus permitting defendant to retain the care, custody and control of the child. Plaintiffs excepted to the ruling of the court and have perfected this appeal contending that there was evidence of probative force to support the jury's verdict and therefore the trial court erred in refusing to enter judgment on the verdict. Defendant, on the other hand, contends that there was no evidence to support the jury's finding and that the judgment notwithstanding the verdict was proper.

In child custody proceedings, as in other civil actions, the jury's findings are binding upon the court's if supported by any evidence of probative force. Article 4639a, Vernon's Ann.Tex.Civ.St., as amended; Welch v. Welch, (Tex.Civ.App.) 369 S.W.2d 434.

Thus the sole question presented for review is whether or not there was sufficient evidence of probative force to support the verdict of the jury.

In passing on a motion for judgment notwithstanding the verdict, the trial court must be governed by the test of whether there has been introduced on the trial any evidence of such probative force as to raise an issue of fact. Lee v. Grupe, (Tex.Civ.App.) 223 S.W.2d 548; 4 McDonald Texas Civil Practice, Sec. 17.32.

If there is any evidence of probative force, from which reasonable minds might come to the conclusion that the jury came to, then there is "some evidence" to support the finding of the jury, and it then becomes the duty of the court to enter judgment in keeping with such finding. The fact that there may be evidence to the contrary is immaterial. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359; Martinez v. Welcome, (Tex.Civ.App.) 335 S.W.2d 254.

Since this is an appeal from a judgment notwithstanding the verdict, all testimony must be considered in a light most favorable to the party against whom the motion has been granted, and every

reasonable intendment deductible from the evidence is to be indulged in such party's favor. Rule 301, Texas Rules of Civil Procedure; Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547.

The evidence shows during the marriage of Mr. Van Skike and Mrs. Kirchner, they adopted Vicki Lynn, who was the daughter of Mrs. Kirchner's sister. At the time of the divorce, Vicki Lynn was approximately four years of age. The divorce decree awarded custody to the adoptive father, Mr. Van Skike, and gave the adoptive mother the right to take the child in her custody on Saturdays and Sundays of each week. Immediately after the divorce, the adoptive father took Vicki Lynn into the home of his mother, where they lived until he remarried some ten months later. After he remarried, he took Vicki Lynn from his mother's home and moved her into the trailer house with his wife and two step daughters. The evidence shows that Mr. Van Skike followed the construction trade and in following this work, he was required to move his family frequently. At the time of trial, on January 18, 1966, he and Vicki Lynn, together with his wife and two step children, were living in a trailer house in Bay City, Texas.

Phyllis Kirchner testified that shortly after the divorce, she married William R. Kirchner, whom she had lived with continuously since that time; that she and her husband were living in Houston where they maintained a two-bedroom home near churches and schools and that their home was adequately equipped with all facilities necessary for caring for Vicki Lynn; that she was no longer employed, as she was at the time of the divorce, and could therefore devote her entire time and attention to rearing the child; that her husband was regularly employed with the Sheffield Steel Company with a salary of approximately $700.00 a month. She further testified that since the date of the divorce, she had made every effort to visit with Vicki Lynn each week as provided for in the divorce decree, but she had been refused the right to take Vicki Lynn on numerous occasions. She further testified that on several occasions when she was allowed to visit with Vicki Lynn, she observed large bruise spots on her as if she had been beaten with a belt. This testimony was verified by another witness who testified that she had seen dark bruises on the child's right hip on two occasions. William R. Kirchner, the husband of Phyllis Ann Kirchner, testified that he had developed an affection for Vicki Lynn and likewise desired to assume responsibility for her care and custody.

Other witnesses testified with reference to the suitability of the Kirchner home and as to the fitness of Mr. and Mrs. Kirchner for the custody of the child. While there was other evidence, both pro and con, we see no need to review all the testimony in detail. The jury heard the testimony of all of the witnesses, as well as the parties to the suit, and observed their demeanor and was thus in a position to pass on the credibility of the witnesses and the weight to be given their testimony. In so doing, the jury found that there had been a material change of conditions and that the best interest of the child would be served by awarding her to the custody of the appellants.

After reviewing all of the testimony in the record in a light most favorable to appellants, it appears to us that there was at least some evidence of probative force to raise an issue of fact upon the question of whether or not the conditions had changed to such an extent that the custody previously adjudicated would be injurious to the welfare and best interest of the child if allowed to continue.

As a consequence, the verdict of the jury awarding custody to appellants became binding upon the trial court and the judgment non obstante veredicto was therefore improper. Article 4639a, supra; Welch v. Welch, supra; Shannon v. Newman, 400 S.W.2d 861, (Tex.Civ.App.).

The judgment of the trial court is reversed and judgment is hereby rendered for appellants, Phyllis Ann Kirchner and husband, William R. Kirchner.