**Betty Jean HUFF, Appellant,**

v.

**Kate R. STAFFORD and William Ned Stafford, Appellees.**

No. 17095.

Court of Civil Appeals of Texas.

Dallas.

May 24, 1968.

Rehearing Denied June 21, 1968.

John A. Spinuzzi, Dallas, for appellant.

Randolph Scott, Dallas, for appellees.

BATEMAN, Justice.

This is a contest between the mother and stepmother of Bonnie Marie Huff, a minor, for her custody. At the close of the evidence, the mother having moved for an instructed verdict, the trial court withdrew the case from the jury and rendered judgment awarding custody to the mother.

Bonnie's parents, Levi Huff and Katherine Revalo Huff, were divorced January 15, 1959. Pursuant to their agreement, the Domestic Relations Court awarded the custody of Bonnie, then three years of age, to her father and of her sister, Barbara Jean Huff, then five months of age, to her mother. Both parents were married soon thereafter; the father to the appellant, Betty Jean Huff, and the mother to William Ned Stafford. Bonnie lived with appellant and her father until the latter's death on September 1, 1966, and since then has continued to live with appellant. Appellant's son by a prior marriage, Tommy, also lived with the family. The mother, now Mrs. Kate R. Stafford, commenced the proceeding in the trial court by filing her petition for a writ of habeas corpus a few days after

Levi's death, whereupon the appellant filed her petition in the same proceeding for custody of Bonnie.

It was error for the trial court to withdraw the case from the jury if the evidence raised any material issue of fact, and in passing on the question of the authority of the court to take the case from the jury the appellate court must consider the evidence in the light most favorable to the appellant, accepting as true the evidence in the record supporting her position and resolving all conflicts and inconsistencies in her favor. "A peremptory instruction is warranted only when the evidence is such that no other verdict should be rendered. If there is any conflicting evidence in the record of a probative nature, a determination of the issue is for the jury." Air Conditioning v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422, 425 (1952); Adams v. Slattery, 156 Tex. 433, 295 S.W.2d 859, 865 (1956); Farris v. Interstate Circuit, 116 F.2d 409 (5th Cir. 1941).

We know of no reason for holding these rules inapplicable in a child custody case. True, there is a well recognized presumption that the interests of a minor are best served by awarding custody to its natural parents, and the burden of proof on the issue of the best interest of the minor is on him who seeks to deprive the natural parents of custody. Herrera v. Herrera, 409 S.W.2d 395 (Tex.1966). But it is a rebuttable presumption, and one undertaking it is not required to prove that the natural parent is disqualified by immorality or misfortune. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790 (1955); Taylor v. Taylor, 42 S.W.2d 455 (Tex.Civ. App., Waco 1931, no writ); Harrelson v. Davis, 415 S.W.2d 293, 296 (Tex.Civ.App., Fort Worth 1967, no writ). As said by Chief Justice Dixon, speaking for this court in Richardson v. Althoff, 415 S.W.2d 520, 523 (Tex.Civ.App., Dallas 1967, no writ):

"As a general rule when one parent who has been awarded custody dies or

becomes insane and a change in custody becomes necessary, the other parent has a right of custody to his or her own child superior to the right of others, such as an aunt. But the general rule is not applicable when circumstances are present which impel a court in the exercise of its discretion and for the best interest of the child to award custody to someone other than a parent, such as an aunt. For the best interest of the child is then paramount. It is above the right of the parent to have custody."

In 1961 Vernon's Ann.Civ.St., Art. 4639a was amended to provide: "In any hearing held in this State concerning the custody of a child, whether pursuant to a divorce cause or not, any party to the hearing may, upon assumption of jury costs, demand a jury to determine custody of the child, and the judgment of the court must conform to that determination." Since then the courts have consistently held that the verdict of the jury in such cases is not merely advisory but is binding on the court. Some of such cases are Welch v. Welch, 369 S.W.2d 434 (Tex. Civ.App., Dallas 1963, no writ); Sikes v. Keenan, 394 S.W.2d 859 (Tex.Civ.App., Eastland 1965, no writ); Shannon v. Newman, 400 S.W.2d 861 (Tex.Civ.App., Amarillo 1966, no writ); and Quarles v. Quarles, 386 S.W.2d 337 (Tex.Civ.App., Dallas 1965, writ dism'd w. o. j., Tex., 388 S.W.2d 926).

Looking at the evidence in the record before us in the light of the foregoing rules, we must conclude that an issue of fact was raised which should have been submitted to the jury. It was shown that during the nine years that Bonnie lived in appellant's home a close relationship developed between Bonnie and appellant's son, Tommy; they consider themselves brother and sister. Appellant feels no difference in her relationships with the two children, having treated them equally in all respects, including their discipline. Her relationship with Bonnie is that of mother and daughter. Appellees have never contributed anything toward Bonnie's support while she lived in appellant's home. Appellant's home has been in the same neighborhood for six years prior to the trial, during which time Bonnie has established firm ties and connections with people in the neighborhood. By contrast, appellees have, in the eight to nine years of their married life together, lived in seven different residences. Since Levi Huff's death appellant has continued to provide Bonnie with love, affection and care. Their home is neat, clean and comfortable, and Bonnie has her own room therein.

Neither party contends that the other is an unfit or improper person to have such custody, and both parties maintain homes and have incomes adequate to provide Bonnie with a suitable home. The trial court ordered an investigation by the Juvenile Department of Dallas County, and the investigator testified that she found both homes to be adequate and expressed the opinion that it would be to the best interest and welfare of Bonnie that her custody be awarded to appellant. Bonnie testified that she would prefer to continue living with appellant.

For our present purpose, it is not necessary to summarize the testimony supporting appellees' position, and we express no opinion as to what the final outcome should be. We merely hold that there was evidence of probative value sufficient to raise a fact issue as to how the interest of the child, Bonnie, would be best subserved. This was a fact issue which appellant was entitled to have submitted to the jury for determination. Because of the error of the court in withdrawing the case from the jury, all of appellant's points of error are sustained and the judgment appealed from is reversed and remanded for a new trial.

Reversed and remanded.