**Martha Nell BECKER, Appellant,**

v.

**Walter Arnold BECKER, Appellee.**

**No. 14948.**

Court of Civil Appeals of Texas, San Antonio.

April 21, 1971.

Van Thompson, Jr., Kemp & Prud'Homme, Austin, Harry Schultz, Three Rivers, for appellant.

Guy P. Allison, Schweppe, Schweppe & Allison, San Antonio, for appellee.

KLINGEMAN, Justice.

Appellant Martha Nell Becker, the mother, appeals from a judgment in a divorce suit awarding the custody of three minor children, Zeke Becker, age 11, Sandra Becker, age 10, and Dell Becker, age 8, to the father, Walter Arnold Becker. In answer to the only issue submitted to the jury, the jury found that it would be to the best interests of such children to award their custody to the father.[1]

By three points of error appellant asserts that there is no evidence to support the jury's finding, that the evidence is insufficient to support the jury's finding, and that the jury's finding is contrary to the great weight and preponderance of the evidence.

Appellant's primary contention is that unless the mother is shown to be unfit, children of tender years should be awarded to the mother. The same contention was made in Herrera v. Herrera. The trial court awarded the custody of Johnny Herrera, a seven year old boy, to the paternal grandparents, Victor Herrera and Margarita Herrera, but also found that the mother, Anita Herrera, was a fit and proper person to be awarded the custody of such minor. The Court of Civil Appeals [In re Herrera, 402 S.W.2d 782 (Tex.Civ. App.—Amarillo 1966)] said that as a matter of law, Anita Herrera was entitled to the custody of Johnny because the trial court had found that she was a fit and proper person to have custody of him and found nothing disqualifying her. The Supreme Court in Herrera v. Herrera, 409 S.W.2d 395 (Tex.1966), reversed the judgment of the Court of Civil Appeals, and affirmed the judgment of the trial court, awarding the custody to the paternal grandparents.

Another custody suit where the parents were fit and proper persons but custody was awarded to other persons is Mumma v. Aguirre. In the trial court the custody of Estella Aguirre, the five year old daughter of Pedro and Cecilia Aguirre, was given to Mr. and Mrs. William Mumma, who were not related to the child. The Court of Civil Appeals in Aguirre v. Mumma, 358 S.W.2d 249 (Tex.Civ.App.—San Antonio 1962), stated that both homes were fit and proper, but reversed the judgment of the trial court and rendered judgment that the parents have custody of Estella. The Supreme Court in Mumma v. Aguirre, 364 S.W.2d 220 (Tex.1963), reversed the Court of Civil Appeals and affirmed the

1. The pertinent portion of the charge and issue submitted to the jury was as follows:

    You are instructed that as between parents, everything else being equal, it is proper and desirable to award custody of children of tender years to the mother, but the best interest of the children is of controlling importance in deciding the question of custody.

    SPECIAL ISSUE NO. 1. Find from a preponderance of the evidence whether it would be to the best interest of the children, Zeke, Sandra and Dell Becker, to award their custody to their father or their mother. Answer Father or Mother as you find the facts from the preponderance of the evidence. We the Jury answer: Father.

judgment of the trial court. In a recent child custody contest between a father and a maternal aunt [Richardson v. Althoff, 415 S.W.2d 520 (Tex.Civ.App.—Dallas 1967, no writ)], the custody of an 11 year old girl was involved. The trial court found that both the father and the aunt were fit and proper persons to have the custody of such child, but awarded the care and custody to the aunt and her husband, and this judgment was affirmed by the Court of Civil Appeals.

Although none of the above cases were contests between parents, but rather between parents and nonparents, it is to be seen that although there were no findings of unfitness of the parents, the custody of the children involved was awarded to other persons, based on findings that this was in the best interest of the children.

It appears firmly established from the above cited cases and numerous other decisions in this State that the paramount question to be decided in custody matters is the best interest of the child. See also Quarles v. Quarles, 386 S.W.2d 337 [Tex. Civ.App.—Dallas 1965, 388 S.W.2d 927 (Tex.1965)]; Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 (Tex.1955); Ex parte Eaton, 151 Tex. 581, 252 S.W.2d 557 (1952); Dunn v. Jackson, 231 S.W. 351 (Tex.Com.App.1921); Lewis v. Cushing, 444 S.W.2d 815 (Tex.Civ.App.—Beaumont 1969, no writ); Erwin v. Erwin, 344 S.W. 2d 923 (Tex.Civ.App.—Dallas 1961, no writ); Taylor v. Taylor, 42 S.W.2d 455 (Tex.Civ.App.—Waco 1931, no writ).

We have carefully reviewed the entire record to determine whether there was sufficient evidence of probative force to support the verdict of the jury. The Statement of Facts consisting of some 241 pages of testimony of 24 witnesses, including appellant and appellee, is replete with evidence on the issue of custody of the children. The record is somewhat unique in that after the separation of the parties, the children lived with each of the parents approximately a year. For some years prior

to 1968, appellant and appellee lived together in a home on a ranch owned by appellant's father and mother near Austin. During the year 1968, appellee obtained a job as a foreman on a large ranch in Mc-Mullen County. In July of 1968, he separated from his wife and took the children with him and moved into a house furnished to him by his employer. This house, located on the ranch on which appellee works, contains six rooms, including two bedrooms, bath, living and dining room, and kitchen, and is furnished with utilities such as electricity and butane gas. The children remained with appellee at this ranch until July of 1969, when temporary custody of the children was awarded to appellant, and since such time they have resided with appellant.

Appellee testified that prior to the time he moved to the ranch near Fowlerton, he requested that his wife go with him, but that she had refused. Appellee testified that he took care of the children most of the time, but that on some occasions he was helped by his mother and by the neighbors. A number of the neighbors of appellee testified that they were acquainted with appellee and the three children, and had visited in their home near Fowlerton on numerous occasions. In general, all testified that appellee was doing a good job of caring for the children; that the children were always neat and clean; that the house was clean; that the children appeared to be happy and well satisfied; that the children were well fed; that they were courteous and well mannered; and that they appeared to love their father. One neighbor testified that she had been in their home near Fowlerton on a number of occasions, and that she had never seen anyone take care of their children any better than appellee did. During the school year the children attended school at Tilden, being picked up by a school bus about 30 feet from the house in which they resided around 7:20 in the morning, and being returned to the house about 4:20 in the afternoon. There is testimony that appellee stayed with the children until they were

placed on the bus and was always there when they got home in the evening. There is testimony that the children did well in school in Tilden and made good grades. One of the teachers testified that appellee was concerned about the children and came to the school several times during the year. Appellee testified that he took the children to church whenever they had a preacher; that they might have church for six weeks and then on occasions they might not have church for two or three weeks because of the absence of the preacher. He testified that the children rode horses, went fishing, played baseball, and visited with the neighbors' children; and that the children were obedient and didn't give him a bit of trouble. Appellee's mother testified that she was semi-retired and that she is willing and able to help appellee take care of the children, and that she would be able to do this four or five days a week if necessary. A sister of appellee testified she had visited the children both when they were staying with appellee and when they were staying with appellant, and that in her opinion, the children were happier and better adjusted emotionally when they were with appellee.

Six witnesses testified on behalf of appellant. Generally, their testimony reflects that appellant was also doing a good job of taking care of the children; that the children made good grades in school and appeared happy and well adjusted. Appellant testified that she works six nights a week from 10:00 p. m. until 6:00 a. m. at the Big Wheel Restaurant, and that her mother stayed with the children while she was at work. The Big Wheel Restaurant is a truck stop and restaurant, located on a highway near where appellant resides, and serves food and beer. She testified that on occasions Zeke worked there as a busboy at night with her. Appellee objected vigorously to his son Zeke working at such place and stated that he did not believe that it was a proper place for a young boy to be working. On cross-examination appellant testified that in the last three months she had three automobile wrecks, and on one of such occasions, the children were with her; that she does not belong to any church and does not go to church regularly.

We do not feel it necessary to set forth all the testimony. The jury heard the witnesses, including both appellant and appellee, and had the opportunity to observe the appearances and demeanor of the witnesses, to weigh their testimony, and evaluate the respective qualifications of the parties. In so doing, the jury found that the best interests of the children would be served by awarding their custody to the father, appellee here. See Huff v. Stafford, 429 S.W.2d 620 (Tex.Civ.App.—Dallas 1968, writ dism'd); Kirchner v. Van Skike, 410 S.W.2d 467 (Tex.Civ.App.—Tyler 1966, no writ); Shannon v. Newman, 400 S.W.2d 861 (Tex.Civ.App.—Amarillo 1966, no writ). We have examined the entire record and have concluded that the jury's finding is sufficiently supported by the evidence. All of appellant's points of error are overruled.

The judgment of the trial court is affirmed.