**Galand Kempe BRUNSON, Appellant,**

**v.**

**Janis Cherly BRUNSON, Appellee.**

**No. 17445.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 16, 1973.

Rehearing Denied Dec. 21, 1973.

Hooks, Wyrick, Rodehaver & Walker, and Herbert L. Hooks, Dallas, for appellant.

Ann Powell, Denton, for appellee.

## OPINION

BREWSTER, Justice.

The plaintiff, Galand Brunson, filed this suit against the defendant, Janis Brunson,

seeking to recover the custody of the two minor children of the parties. The parties had formerly been husband and wife and were divorced by decree of a Denton County District Court on March 30, 1972. The divorce decree awarded custody of the two children to their mother and gave the father the right of reasonable visitation. One child was a boy, four years of age, and the other was a girl, two years of age.

Plaintiff in this suit, which was filed October 25, 1972, alleged that since the entry of the divorce decree the conditions surrounding the children and these parties have materially and substantially changed to the extent that it would be in their best interests if their custody was changed to their father.

The case was tried before a jury which found in answer to special issues (1) that since the date of the divorce there has occurred a material change in the living conditions of the children; (2) that such material change adversely affects the welfare of the children; (3) that the best interests of the children requires that the custody of the two children be changed from the mother to the father.

The court denied the father's motion for judgment on the verdict and rendered judgment notwithstanding the verdict in favor of the mother, and denied plaintiff's application for a change of custody.

From that adverse judgment the father has brought this appeal.

Plaintiff's one point of error is that the trial court erred in refusing to abide by the jury verdict and in rendering judgment notwithstanding the verdict in favor of the defendant, the mother.

We sustain this point and reverse and render.

Prior to the amendment of Art. 4639a, Vernon's Ann.Civ.St. in 1961, a jury verdict in a child custody case was only advisory and could be completely disregarded by the trial court in rendering judgment.

In 1961 that statute was amended to include the following provision: "In any hearing held in this State concerning the custody of a child, whether pursuant to a divorce cause or not, any party to the hearing may, upon assumption of jury costs, demand a jury to determine custody of the child, *and the judgment of the court must confrom to that determination.*" (Emphasis ours.)

Since the enactment of this amendment to that statute a jury verdict is no longer just advisory to the trial court. Such a verdict is binding upon the trial court, if there is any evidence of probative value to support it, and in such case he must render judgment to conform to the verdict. Kirchner v. Van Skike, 410 S.W. 2d 467 (Tyler Civ.App., 1966, no writ hist.) ; Huff v. Stafford, 429 S.W.2d 620 (Dallas Civ.App., 1968, writ dism.) ; Shannon v. Newman, 400 S.W.2d 861 (Amarillo Civ.App., 1966, no writ hist.), and Naumann v. Naumann, 408 S.W.2d 347 (Austin Civ.App., 1966, no writ hist.).

Of course, in order for the jury verdict to be binding upon the court it must be supported by evidence of probative force. If it is not, the court in that situation does have a right to set aside the jury verdict as is provided for in Rule 301, Texas Rules of Civil Procedure. The same rule applies in that situation that applies in other civil cases tried before a jury. Welch v. Welch, 369 S.W.2d 434 (Dallas Civ.App., 1963, no writ hist.).

The question presented to us then is whether there was any evidence of probative force to support the jury verdict.

In Kirchner v. Van Skike, supra, 410 S. W.2d at page 468 of the opinion the court said: "In passing on a motion for judgment notwithstanding the verdict, the trial court must be governed by the test of whether there has been introduced on the trial any evidence of such probative force

as to raise an issue of fact. Lee v. Grupe, (Tex.Civ.App.) 223 S.W.2d 548; 4 McDonald Texas Civil Practice, Sec. 17.32.

"If there is any evidence of probative force, from which reasonable minds might come to the conclusion that the jury came to, then there is 'some evidence' to support the finding of the jury, and it then becomes the duty of the court to enter judgment in keeping with such finding. The fact that there may be evidence to the contrary is immaterial. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359; Martinez v. Welcome, (Tex.Civ.App.) 335 S.W.2d 254.

"Since this is an appeal from a judgment notwithstanding the verdict, all testimony must be considered in a light most favorable to the party against whom the motion has been granted, and every reasonable intendment deductible from the evidence is to be indulged in such party's favor. Rule 301, Texas Rules of Civil Procedure; Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547."

The rules announced in that opinion are applicable here. We have reviewed the entire evidence.

There was testimony that during the time plaintiff and defendant lived together that the father did over 90% of the housecleaning, clothes and dish washing, and caring for the children. The result was that they were kept clean and that the home they lived in was kept clean before the divorce. There was evidence that after the divorce the children were always dirty; the whole trailer house in which they lived was filthy; the floors were littered with beer cans and trash cans were in the middle of the rooms; dogs and cats were permitted to use the floors of the rooms as a bathroom; the diapers of the smallest child were not changed sometimes for hours; the children smelled bad because they were filthy; the whole house in which the mother lived with the children smelled bad; the children's room smelled like a big commode; the youngest child smelled of urine and feces; the small child's bed was filthy and the smell was almost unbearable; pet feces in the children's room added to the smell; the children were seen asleep as late as 2:30 A.M. on the floor of the house; and the little girl's bed sheets looked as if someone slung mud on them.

Several different men testified during the trial that they had gone to the mother's house where the children lived and there engaged in sex with the mother since the divorce. She had gone to their trailers for that purpose also. Some testified that they had also engaged in sex with her during her marriage to the father.

The mother has remarried since the divorce. After the parties were divorced this new husband lived at the mother's trailer house and slept there in the mother's bed before he and the mother married. The children had seen them in bed together. Their home was in this same trailer house where this was going on. The mother admitted she engaged in sex with this man before their marriage.

There was considerable testimony that the mother was a heavy beer drinker and that beer cans were scattered all over the floor of the house. There was evidence that when the mother was drinking she ignored the children. The little girl was allowed to wear diapers at times that would repulse one. Sometimes the diapers were not changed for over two hours. The mother permitted the cat litter box to go for a month without cleaning it. The mother was seen drunk a number of times. The little girl had a blanket that she put over her head that smelled very badly of urine. The mother cursed and the four year old boy cursed in front of his grandma when he could not find a toy. On one occasion while driving with the children in the car the mother collided with another car and at this time she had had some less than six beers.

A doctor testified that the light had gone from the little boy's eyes since his parents divorced and that he now has an appearance of sadness.

The mother brought the children to a day nursery at times dirty, with wet pants and with a blanket that smelled so bad they would have to wash it. The mother and her present husband called at the nursery for the children with the smell of alcohol on their breaths.

There is evidence tending to prove the matters which we have set out above. There is also evidence to the contrary. The mother denied that a lot of the testimony referred to above was true. The fact finder, the jury, obviously was convinced that the evidence offered by plaintiff was true.

There was evidence that the father had a good place to keep the children in his mother's house that had five bedrooms and a large yard. His mother would stay at home with the children.

Since the divorce the defendant has started to school and works several days a week requiring her to leave home. During this time she leaves the children at a nursery.

We hold that there was sufficient evidence of probative force to support the verdict that the jury returned in the case. Since this was true, the trial court erred in refusing to render judgment conforming to the jury's verdict and in rendering judgment notwithstanding the verdict in defendant's favor.

All of the defendant's cross-points are overruled.

Rule 434, T.R.C.P., provides: "When the judgment . . . of the court below shall be reversed, the court shall proceed to render such judgment . . . as the court below should have rendered . . . ."

 Since we are reversing the trial court it is our duty to render the judgment that the trial court should have rendered. See Kirchner v. Van Skike, supra, and Naumann v. Naumann, supra.

The Kirchner case, supra, is a case on all fours with the one before us.

The trial court's judgment is reversed and judgment is here rendered awarding the care, custody and control of the two children of the parties, William Bryan Brunson and Leslie Cherly Brunson, to their father, Galand Kempe Brunson, and the mother is granted the right to have reasonable visitation with said children.